**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| RONALD C. ECHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 1:07cv879-WKW** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and Title XVI, 42 U.S.C. §§ 1381 *et seq.*, Ronald C. Echols ("Echols") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court recommends the Commissioner's decision be AFFIRMED.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Echols, age 43 at the time of the hearing, completed tenth grade. Echols's past

relevant work includes employment as a kitchen helper.[1] Echols alleges he became disabled on January 22, 2005 from back and knee problems.[2] He did not engage in substantial gainful work activity at any time relevant to his application period. The ALJ found Echols was severely impaired by lumbar back sprain, pain in left knee due to degenerative joint disease, and headache disorder.[3] The ALJ also found Echols did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[4] The ALJ found the record did not contain objective signs and findings that could reasonably be expected to produce the degree and intensity of pain and limitations alleged. He also discredited Echols's testimony of disabling pain and functional restrictions disproportionate to the objective medical evidence.[5] After a complete review of the record and consideration of expert testimony, the ALJ determined Echols could not perform his past work, but had the residual functional capacity ("RFC") to perform light work with nonexertional restrictions.[6]

The transcript of Echols's administrative hearing shows the ALJ heard a medical expert testify regarding Echols's diagnosis of chronic lumbar strain, degenerative joint

---

[1] R. at 228.

[2] R. at 16, 59

[3] R. at 18.

[4] R. at 18.

[5] R. at 19.

[6] R. at 20.

disease and headache disorder.  The expert found "little in the way of physical diagnostic objective testing as far as the treatment of [Echols's] pain," and commented on a treating physician's report that Echols presents "a very exaggerated gait disturbance associated with a basically normal physical examination."[7]  The medical testimony concluded with an opinion that Echols's conditions did not equal a disability listing, and that, if credibility were given "his exaggerated symptomology," he would be capable of light work activity.[8]  The ALJ heard testimony from a vocational expert (VE) which indicated a person with Echols's age, education, work history, and RFC for light work could work as a cafeteria attendant, short order cook, or production assembler.[9]  The ALJ decision adopted the opinion of the VE to find Echols had the RFC to perform the listed occupations.[10]  These findings regarding Echols's ability to work rendered him ineligible for disability benefits under the Act.[11]

### III.  ISSUE

Echols raises a single issue for judicial review:

Whether the ALJ properly applied the Eleventh Circuit standard for establishing disability due to pain?

### IV.  DISCUSSION

---

[7] R. at 226.

[8] R. at 227.

[9] R. at 228.

[10] R. at 20.

[11] R. 22-23.  The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520  and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

### **The ALJ Correctly Applied the Eleventh Circuit pain standard.**

Echols argues the ALJ erred in evaluating the credibility of his testimony regarding his pain, and the record evidence of medical conditions consistent with his claims. The Commissioner responds that the ALJ properly evaluated the credibility of Echols's subjective complaints and objective medical evidence.

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled. 20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The Eleventh Circuit has set forth criteria for establishing a disability based on testimony of pain and other symptoms. It explained that

> a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted). A "claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). "Indeed, in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). An ALJ must explicitly explain why he chose not to credit a claimant's testimony. *Brown*, 921 F.2d at 1236. When evaluating a claim based on disabling subjective

symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician and evidence of how the pain affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a). "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

The ALJ reviewed Echols's history of knee and back pain prior to his alleged onset date of January 22, 2005. Left knee pain was treated with surgery in 2001 to remove two enders rods, and improvement followed. Normal x-ray results were reported after complaints of back and hip pain in 2002. An MRI in 2003 showed hypertrophy with a mild decrease of spinal canal stenosis throughout the entire spine and diffuse disc protrusion at L4-5 and L5-S1 with bilateral stenosis. Echols was treated with epidural steroid injections.[12] Dr. James Colley performed an examination and functional assessment on Echols in May, 2005, after the alleged onset date.[13] Echols again received epidural steroid injections for low back pain, left knee pain, and headaches. Examination showed mild to moderate paravertebral muscle spasms on the left of the lumbosacral spine, triggerpoint tenderness at L4-5, bilateral sacroiliac joints, and severe pain on range of motion of his knees. Grip strength was 5+/5 in the upper extremities and 3+-4+/5 in the lower extremities with questionable effort. Echols had good muscle bulk and tone except in the left thigh where he had fair muscle tone and mild atrophy.

---

[12] R. at 16.

[13] R. at 152-59.

Dr. Colley diagnosed degenerative disc disease of the lumbosacral spine with possible bilateral radiculopathies, degenerative joint disease of the left knee, traumatic headaches, anxiety/depression, and sacroillitis bilaterally.[14] The functional assessment noted Echols made a "grand production of walking," but noted it could be real.[15] Dr. Colley opined Echols could stand for four to six hours in an eight-hour workday with frequent breaks; sit for six hours during an eight-hour workday with frequent breaks; lift or carry 10 pounds occasionally and five pounds frequently; occasionally bend and stoop; and should not crouch, kneel or crawl.[16] A state agency consulting physician reviewed the evidence of record and opined Echols was capable of performing work at the light exertional level.[17]

Echols also sought treatment from Dr. Hiren Patel between 2005 and 2005. Dr. Patel referred Echols for epidural steroid injections to his back.[18] His visits to East Central Mental Health resulted in a diagnosis of Major Depressive Disorder in June, 2005, with some counseling in September, 2005. Echols visited the emergency room of Jackson Hospital for back pain radiating down his right leg and foot in December, 2005. He also visited the Thomas Reed Ambulatory Care Center in September, 2006, which diagnosed chronic low

---

[14]R. at 17, 157.

[15]R. at 158.

[16]R. at 17, 158.

[17]R. at 17.

[18]R. at 17.

back syndrome and Major Depression.[19]

The ALJ found Echols's testimony of disabling pain and functional restrictions was disproportionate to the objective medical evidence, citing a lack of objective signs and findings that could reasonably be expected to produce the degree and intensity of pain and limitations alleged. The decision also noted the physical findings in the record did not show neurological deficits, significant weight loss, muscle atrophy, or other observable signs often indicative of protracted pain of the intensity, frequency, and severity alleged by Echols.[20] The ALJ found little evidence of medical treatment overall, with none occurring after September, 2006. He found Echols's appearance and demeanor unpersuasive during the hearing, and cited the questionable effort during examination reported by Dr. Colley.[21] Finally, the ALJ cited the absence of any medical opinion by a treating or examining physician indicating Echols was unable to perform light work.[22]

The ALJ grounded his decision to discredit Echols's testimony in the record evidence. The ALJ stated he found the allegations of disabling pain and limitations disproportionate to objective medical evidence in the record. This conclusion is supported by the exaggeration noted by Dr. Colley, and consistent medical opinions finding Echols capable of light work. The ALJ also noted Echols did not receive any medical treatment for his pain

---

[19]R. at 18.

[20]R. at 19.

[21]R. at 19.

[22]R. at 19.

or impairments after September, 2006. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing claimant's lack of consistent complaints, treatment, and use of pain medication in affirming ALJ's conclusion that "pain standard" was not met.); *see also Watson v. Heckler*, 738 F.2d 1169, 1172-73 (11th Cir. 1984) (noting that, when considering allegations of pain, an ALJ must weigh the overall record, including frequency of treatment, use of medications, and conflicting statements).

Echols challenges the ALJ's interpretation of the record evidence. He argues medical evidence establishes spinal stenosis and degenerative disc disease that could reasonably be expected to produce disabling pain. Dr. Colley characterized the spinal stenosis and "mild," and despite finding degenerative disc disease, found Echols capable of light work during an eight hour day.[23] Echols testified his medical treatment for his disability ended due to his lack of insurance, and asserts his inability to receive medical care cannot be used to infer his condition was not as painful as he claimed.[24] The Commissioner responds that economic justifications for lack of treatment may be considered, but that Echols did not testify or show he sought treatment, but was refused for economic reasons.[25] Under *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988), an ALJ must determine a claimant's ability to afford a prescribed treatment "when an ALJ relies on noncompliance as the sole ground for the denial of disability benefits . . . ." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). In this

---

[23]R. at 152, 158-59.

[24]R. at 224, Pl. Br. at 8-9.

[25]Def. Br. at 11.

9

case, the failure to receive treatment was not the sole reason for the ALJ's finding of disability, but rather, was cited as one of several considerations.

Echols's challenge to the ALJ's credibility findings must also fail. In addition to the ALJ highlighting Dr. Colley's notes of questionable effort during exam, the Commissioner noted Dr. Patel's finding that Echols's complaints of pain were "out of proportion to examination."[26] These comments, and the ALJ's own observations of Echols, constitute grounds for the ALJ's credibility determination. *Moore v. Barnhart*, 405 F.3d 1208, 1212-13 (11th Cir. 2005); *Sellers, id.* at 1213. The ALJ's statement of explicit reasons for his rejection of Echols's subjective testimony of pain and disability satisfies the requirements in the Eleventh Circuit, and the ALJ cited substantial evidence for his decision on this issue. *See Foote*, 67 F.3d at 1562 (a clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed). The record shows that Echols's subjective complaints of pain did not support a finding that he was unable to perform light work, as restricted by Dr. Colley. The court finds that the ALJ gave well-reasoned grounds to reject Echols's allegations and testimony of disabling pain, and therefore, did not err in evaluating his pain.

## V.  CONCLUSION

For the reasons explained in this *Recommendation*, the Magistrate Judge concludes that the ALJ's decision is supported by substantial evidence and proper application of the

---

[26] R. at 157, 176.

relevant law, and therefore, **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED**.

*It is further ORDERED that the parties shall file any objections to the said Recommendation by September 25, 2008.* Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of September, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE